RECORD NO. 14-4934

In The
# United States Court of Appeals
For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**BRIAN KEITH BERRY,**

*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT RALEIGH

**BRIEF OF APPELLANT**

Jorgelina E. Araneda
ARANEDA LAW FIRM
4600 Marriott Drive, Suite 350
Raleigh, North Carolina 27612
(919) 788-9225

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION ............................................................................1

STATEMENT OF ISSUE ......................................................................................1

STATEMENT OF THE CASE ..............................................................................1

SUMMARY OF ARGUMENT .............................................................................4

ARGUMENT .........................................................................................................4

    The district court erred at the sentencing of a sex offender for failing to register by not deferring to state law's tier classification and/or compliance with SORNA and its National Guidelines, and instead looked to the underlying conduct of the offense which resulted in a higher tier classification for purposes of U.S.S.G. § 2A3.5(a) ........................4

    Standard of Review .....................................................................................4

        Analysis ...................................................................................................5

CONCLUSION ......................................................................................................9

STATEMENT REGARDING ORAL ARGUMENT ............................................9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Department of Agriculture v. Moreno,
    413 U.S. 528, 93 S. Ct. 2821, 37 L. Ed. 2d 782 (1973) ..................8

United States v. Booker,
    543 U.S. 220 (2005)..................................................................4

United States v. Bridges,
    741 F.3d 464 (4th Cir. 2014)................................................3, 6, 7

United States v. Hargrove,
    625 F.3d 170 (4th Cir. 2010), cert. denied,
    132 S. Ct. 292 (2011)...............................................................4

United States v. Layton,
    564 F.3d 330 (4th Cir.), cert. denied,
    130 S. Ct. 290 (2009)...............................................................4

United States v. Thornton,
    554 F.3d 443 (4th Cir. 2009).....................................................4

United States v. Windsor,
    133 S. Ct. 2675, 186 L. Ed 808, 81 USLW 4633 (2013) ..................8

**CONSTITUTIONAL PROVISION**

U.S. Const. amend. V..................................................................7

**STATUTES**

18 U.S.C. § 2250......................................................................2, 5

18 U.S.C. § 3231..........................................................................1

18 U.S.C. § 3742(a) ....................................................................1

28 U.S.C. § 1291 ........................................................................................................1

42 U.S.C. § 16901 ................................................................................................3, 6

42 U.S.C. § 16911 .....................................................................................................5

42 U.S.C. § 16911(1) ................................................................................................7

42 U.S.C. § 16913(a) ............................................................................................3, 6

**RULES**

Fed. R. App. P. 4......................................................................................................1

Fed. R. App. P. 28(a)(2)(ii)(a) .................................................................................1

**GUIDELINES**

U.S.S.G. § 2A3.5 .................................................................................................3, 5

U.S.S.G. § 2A3.5(a) .................................................................................................4

**OTHER AUTHORITY**

National Guidelines for Sex Offender Registration and Notification,
    73 Fed. Reg. 38030 (July 2, 2008) ..........................................................passim

http://www.homefacts.com/offenders/New-Jersey.html ............................................6

http://sexoffender.ncdoj.gov/ ......................................................................................6

# STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Title 18, United States Code, § 3231 confers jurisdiction upon the United States District Court. Appellate jurisdiction in the United States Court of Appeals for the Fourth Circuit derives from Title 18, United States Code, § 3742(a), Title 28, United States Code, § 1291, and Rule 4 of the Federal Rules of Appellate Procedure.

This is an appeal from a final judgment of the district court, certified in accordance with Federal Rule of Appellate Procedure 28(a)(2)(ii)(a). References in this document to the Joint Appendix are denominated "JA:(page number)".

The appeal of Brian Leith Berry is from a final judgment of the United States District Court for the Eastern District of North Carolina, entered by the Honorable Louise W. Flanagan on December 10, 2014. Notice of appeal was filed on behalf of Brian Keith Berry on December 12, 2014.

# STATEMENT OF ISSUE

THE DISTRICT COURT ERRED IN IMPOSING A SENTENCE ON MR. BERRY THAT WAS PROCEDURALLY AND/OR SUBSTANTIVELY UNREASONABLE.

# STATEMENT OF THE CASE

Brian Keith Berry (hereafter "Berry") was convicted of Endangering the Welfare of a Child in New Brunswick, New Jersey, on January 17, 2003. JA:105. On September 25, 2012, Berry listed his father's residence in New Brunswick,

1

New Jersey as his residence. JA:17. In December 2012 he moved from New Jersey to a residence in Waterbury, Connecticut, without registering with the local authorities. JA:18. Berry moved to a residence in Sanford, North Carolina on August 17, 2013, without registering with the local authorities. JA:18-19.

On September 16, 2014, in the Eastern District of North Carolina, Berry pleaded guilty to a one-count indictment for violation of 18 U.S.C. § 2250, for Failure to Register as a Sex Offender, from September 25, 2012, through, October 18, 2013. JA:30, 44-45.

The Presentence Report (PSR) was completed and filed on December 3, 2104. JA:99. It calculated Berry's criminal history score to be 11, total criminal history 13, and a criminal history category of VI. JA:105. The base offense level was calculated to be 16, based on defendant having been required to register as a tier III offender. JA:109. The guideline imprisonment range was 33 months to 41 months and Berry was sentenced to 33 months of imprisonment. JA:77, 115.

Berry filed several objections to the PSR but at sentencing the only issue argued was whether Berry was a tier II, as determined by the state of conviction, or tier III offender, recommended by the federal government. JA:62. The court decided that it would look at the underlying facts of the conviction in its analysis of application of the tier II or III level. JA:66, 94. The court agreed with the

government in classifying Berry as a tier III offender and issued a Memorandum Opinion on December 15, 2014. JA:91.

The court stated it based its ruling after analysis of an approach used by the Fourth Circuit in United States v. Bridges, 741 F.3d 464 (4th Cir. 2014), and The National Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38030 (July 2, 2008) (SMART Guidelines). JA:93-94. The court concluded that "it should look to underlying conduct in determining a defendant's Tier classification, for purposes of U.S.S.G. § 2A3.5 offense level calculation." JA:94. It noted that "neither the SORNA statute nor the SMART Guidelines require the court to adopt a classification employed by an individual state." JA:95. The court stated "[b]ecause the statute requires a sex offender to register in each jurisdiction where he resides and in each jurisdiction where he is employed, id. - 16913(a), the court's independent determination of classification requirements, under federal law, satisfies the purposes of SORNA. See 42 U.S.C. § 16901; Bridges, 741 F.3d at 467." Id.

A timely notice of appeal was filed on behalf of Berry on December 12, 2014. JA:83. An amended judgment was filed on December 15, 2014, with a Memorandum Opinion. JA:85, 91.

## SUMMARY OF ARGUMENT

<u>THE DISTRICT COURT IMPOSED AN UNREASONABLE SENTENCE ON DEFENDANT FOR FAILURE TO REGISTER AS A SEX OFFENDER WHEN THE DISTRICT COURT DID NOT DEFER TO STATE LAW REGARDING TIER CLASSIFICATION AND INSTEAD IMPOSED A HIGHER TIER.</u>

## ARGUMENT

The district court erred at the sentencing of a sex offender for failing to register by not deferring to state law's tier classification and/or compliance with SORNA and its National Guidelines, and instead looked to the underlying conduct of the offense which resulted in a higher tier classification for purposes of U.S.S.G. § 2A3.5(a).

### Standard of Review

After <u>United States v. Booker</u>, 543 U.S. 220 (2005), federal sentences can only be reviewed on appeal for "reasonableness." <u>Id.</u> at 260-63. A sentence may be unreasonable for either procedural or substantive reasons. <u>See</u>, <u>e.g.</u>, <u>United States v. Hargrove</u>, 625 F.3d 170, 182-83 (4th Cir. 2010), <u>cert. denied</u>, 132 S. Ct. 292 (2011). "When considering a sentence's reasonableness, [the Fourth Circuit] review[s] the district court's legal conclusions de novo and its factual findings for clear error." <u>United States v. Thornton</u>, 554 F.3d 443, 445 (4th Cir. 2009) (internal quotation omitted). <u>Accord</u> <u>United States v. Layton</u>, 564 F.3d 330, 334 (4th Cir.), <u>cert. denied</u>, 130 S. Ct. 290 (2009).

4

## Analysis

This case involves a federal district court supplanting a state's tier classification of SORNA with its own higher tier classification at the sentencing of a sex offender for a violation of 18 U.S.C. § 2250, Failure to Register as a Sex Offender. In its Memorandum Opinion the district court noted that the issue of which tier classification system for sex offenders, SORNA's or a state's must apply to such a violation, has not yet been addressed by the Fourth Circuit. JA:66, 93.

According to U.S.S.G. § 2A3.5, comment. (n.1), the definitions of tier I, II, and III sex offenders is found at 42 U.S.C. § 16911. 42 U.S.C. § 16911 indicates that a "tier III sex offender" means a sex offender whose offense is punishable by imprisonment for more than 1 year and is comparable to or more severe than aggravated sexual sexual abuse or sexual abuse or abusive sexual contact against a minor who has not attained the age of 13 years. The PSR report noted that the "tier classification for sex offenders is guided by the Sex Offender Registration and Notification Act (SORNA) and is not dictated by the United States Sentencing Commission Guidelines Manual." JA:113. It further stated that North Carolina and New Jersey have not adopted the SORNA tier classification system. JA:113-14.

Support for the proposition that neither North Carolina or New Jersey have not adopted SORNA and its National Guidelines is not cited in the PSR. By virtue

5

of both states having a tier classification system, it could be argued that they have adopted SORNA and the guidelines. States are only required to "substantially" implement SORNA requirements. 73 FR 38030 at 38047-48. Both states have a sex offender registration program.[1]

The court's Memorandum Opinion agreed with the PSR and stated that it was not required to adopt a classification by an individual state. JA:95. The court stated that:

> These SMART Guidelines support the court's approach in two respects. First, they make clear that jurisdictions, such as as the state of New Jersey in this instance, would not need to look beyond the elements of the offense of conviction in determining registration requirements ... At the same time, the SMART guidelines suggest that, while not required, it is not impermissible to consider the underlying offense conduct in determining tier classification for purposes of SORNA.

JA:94-5.

The court further stated "[b]ecause the statute requires a sex offender to register in each jurisdiction where he resides and in each jurisdiction where he is employed, id. § 16913(a), the court's independent determination of classification requirements, under federal law, satisfies the purposes of SORNA. See 42 U.S.C. § 16901; Bridges, 741 F.3d at 467." JA:95.

---

[1] JA:19, 21-22. New Jersey's is found at: http://www.homefacts.com/offenders/New-Jersey.html. North Carolina's is found at: http://sexoffender.ncdoj.gov/.

Contrary to the court's claims, the district court is not required to comply with SORNA and the purposes of SORNA are not satisfied when a federal sentencing court uses its independent determination of classification requirements by looking to the underlying offense of conviction. SORNA is title I of the Adam Walsh Child Protection and Safety Act of 2006 (P.L. 109-248). The guidelines were issued "to provide guidance and assistance to covered jurisdictions - the 50 states, the District of Columbia, the principal U.S. territories, and Indian tribal governments - in implementing the SORNA standards in their registration and notification programs." 73 FR 38030 at 38044.

The court's reliance on Bridges for its authority to look to the underlying offense for tier classification is misguided because Bridges dealt with whether a nolo contendere plea to a Florida state attempted sexual battery charge, in which adjudication was withheld, qualified as a conviction within the meaning of 42 U.S.C. § 16911(1). Bridges, 741 F.3d at 467-68. That is not the issue in this case. Moreover, this disregard of state law by the district court violates the Fifth Amendment's principles of equal protection.

We have a situation where two states – the original sentencing one and the one where the defendant was arrested – have a tier classification system that the court has decided is not in full compliance with SORNA's tier classification. There

7

is no proof in the record that the states are not other than a conclusory statement in the PSR.[2]

What this court has done is ignore state law, that it is a tier II classification, and replace it with its own interpretation of what the tier classification should be, a tier III classification, to permit greater punishment against the defendant, a sex offender. As noted in United States v. Windsor, 133 S. Ct. 2675, 186 L. Ed 808, ---, 81 USLW 4633, --- (2013), "The Constitution's guarantee to equality 'must at the very least mean that a bare congressional desire to harm a politically unpopular group cannot' justify disparate treatment of that group. Department of Agriculture v. Moreno, 413 U.S. 528, 534-535, 93 S. Ct. 2821, 37 L. Ed. 2d 782 (1973)." Id. at 2693. A sex offender is within a "politically unpopular group" and the district court was in error to replace state law tier classification with its interpretation of the federal tier classification at a higher tier level. Berry was not afforded equal protection under the laws because the federal law imposed a greater sentence than the state law.

The Summary of Comments on the Proposed Guidelines to 73 FR 38030 addresses the issue of preemption of the national system with a state's and it reads,

> There is, however, no such predominant federal interest with respect to sex offender registration and notification. The interest of the individual states (and other covered jurisdictions) in the protection of

---

[2] The government attorney stated the same at the sentencing hearing but did not discuss how this conclusion was reached. JA:63.

8

> their people from sex offenders through appropriate regulatory measures and public disclosure of relevant information is at least equal to that of the federal government, and falls within an area of traditional state power and responsibility.

Id. at 38035. Both New Jersey and North Carolina have a tier classification system for sex offenders. Both states have a registration and notification program. The court erred when it disregarded the state tier classification and replaced it with its own and at a higher level. This resulted in Berry receiving an unreasonable sentence.

## **CONCLUSION**

Defendant-Appellant respectfully requests that this Court vacate his sentence and the matter be remanded to District Court for re-sentencing.

## **STATEMENT REGARDING ORAL ARGUMENT**

Defendant-Appellant does not request permission to state orally, before a panel of Judges of the Fourth Circuit United States Court of Appeals, why his conviction should be vacated.

This is the 9th day of March, 2015.

                Respectfully submitted,

                /s/ Jorgelina E. Araneda
                Jorgelina E. Araneda
                Counsel for Brian K. Berry
                ARANEDA LAW FIRM, P.C.
                4600 Marriott Drive, Suite 350
                Raleigh, NC  27612
                (919) 788-9225
                N.C. State Bar No. 17114
                Appointed

# **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*1,961*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: March 9, 2015                     /s/ Jorgelina E. Araneda
                                         *Counsel for Appellant*

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 9th day of March, 2015, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>Jennifer P. May-Parker
>OFFICE OF THE U.S. ATTORNEY
>310 New Bern Avenue, Suite 800
>Raleigh, North Carolina  27601
>(919) 856-4530
>
>*Counsel for Appellee*

I further certify that on this 9th day of March, 2015, I caused the required copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of the Court and a copy of the Sealed Volume of the Joint Appendix to be served, via UPS Ground Transportation, upon counsel for the Appellee, at the above address.

/s/ Jorgelina E. Araneda
*Counsel for Appellant*